## J. W. WHISENHUNT et al v. PIKE COUNTY BOARD OF EDUCATION et al

5-5883                                    479 S.W. 2d 854

Opinion delivered May 8, 1972

*Dan McCraw*, for appellants.

*Ray Thornton*, Atty. Gen., by: *Henry Ginger*, Deputy Atty. Gen., for appellees.

CONLEY BYRD, Justice. Appellants J. W. Whisenhunt, Louis Smith and Kenny McGrew filed an affidavit for appeal from the actions or nonactions of the Pike, Hot Spring, Garland and Montgomery County Boards of Education. Attached to the affidavit was a petition signed by thirteen persons alleged to be qualified electors of Glenwood School District No. 43 of Garland, Pike and Hot Spring Counties. The petition requested that Caney Township of Montgomery County be annexed to the Glenwood School Disctict No. 43. The record of the proceedings before the Garland County Board of Education was certified and filed. Since the other County Boards either refused to act or took no action at all, appellants petitioned the trial court to issue a writ of certiorari to the Pike, Hot Spring and Montgomery County Boards for a record of the proceedings before them in regard to the petitions. The trial court denied the request for the writ of certiorari.

Upon appeal appellants assert that since their petitions were being presented pursuant to Ark. Stat. Ann. § 80-414 (Repl. 1960), they were entitled to the writ of

certiorari as a matter of right. We do not agree. As we read Ark. Stat Ann. § 80-414 County Boards of Education are only required to act in two instances—*i.e.* (1) they must consider formation of a district upon a petition of a majority of the qualified electors in the area affected, and (2) they may call an election upon petition of ten percent of the qualified electors in the territory affected. Here neither the affidavit for appeal nor the petition for writ of certiorari alleges any facts that would require any action on behalf of the County Boards involved.

Affirmed.